# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# Civil Case No. 1:13-cv-00178-MR
# [Criminal Case No. 4:96-cr-00056-MR-1]

| | |
|---|---|
| TIMOTHY LAMONT RUFF, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

## I.    BACKGROUND

On July 8, 1996, Petitioner was indicted along with four co-defendants with various federal offenses, including conspiracy to violate the Hobbs Act, armed robbery, using and carrying a firearm during a crime of violence, and being a felon-in-possession of a firearm. [Criminal Case No. 4:96cr56, Doc. 1].

On September 20, 1996, Petitioner entered into a written plea agreement with the Government wherein Petitioner agreed to plead guilty to Count One (conspiracy to obstruct, delay and affect commerce by robbery, in violation of 18 U.S.C. § 1951); Count Two (obstruct, delay and affect commerce by robbery and aiding abetting the same, in violation of 18 U.S.C. §§ 1951 & 2); and Count Three (using a firearm during and in relation to a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and 2). The Government agreed to dismiss the remaining counts of the Indictment. [Id., Doc. 45]. Petitioner's pleas of guilty were later accepted following a Plea and Rule 11 hearing before the Magistrate Judge.

On April 14, 1997, the Court sentenced Petitioner to a term of 240 months' imprisonment on Counts One and Two, to be served concurrently, and a term of 120 months on Count Three with such sentence to run consecutively to the sentences imposed Counts One and Two. [Id., Doc. 68: Judgment in a Criminal Case].[1] Petitioner appealed to the United States Court of Appeals for the Fourth Circuit.

---

[1] Petitioner was sentenced by the Honorable Lacy H. Thornburg in District Court in Shelby, North Carolina. This case was then reassigned to the undersigned in Asheville following Judge Thornburg's retirement, and the reorganization of this District. See [Doc. Entry of July 26, 2012].

On appeal, Petitioner raised one ground for relief, namely, that the Government breached the written plea agreement by declining to move for a downward departure based on Petitioner's substantial assistance under USSG § 5K1.1. The Court rejected this claim after noting that there was no unconditional promise to move for a 5K1.1 departure, and that Petitioner had even refused to cooperate with the Government prior to sentencing. Petitioner's judgment was upheld in all respects. United States v. Moses, Nos. 97-4321, 97-4193, 1998 WL 67795 (4th Cir. Feb. 20, 1998).[2]

On August 30, 1999, Petitioner filed a motion challenging his order of restitution which the Court construed as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. After noting that the motion was untimely since it was not filed within the one-year period provided for under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Court dismissed the motion. [Civil Case No. 1:99cv183-LHT, Doc. 2].

On September 9, 2004, Petitioner filed a second § 2255 motion. On October 4, 2004, the Court dismissed the § 2255 motion after finding that is was an unauthorized, successive petition. [Civil Case No. 1:04cv186-LHT, Doc. 2].

---

[2] Petitioner's co-defendant, Quon Simone Moses, was the lead appellant in this consolidated appeal.

On July 26, 2012, Petitioner filed a third Section 2255 motion which this Court dismissed after concluding that it was yet another successive, and unauthorized § 2255 motion. [Civil Case No. 1:12cv187-MR, Doc. 6]. On November 19, 2012, Petitioner appealed to the Fourth Circuit and on April 2, 2013, the Court entered an order which denied him a certificate of appealability and dismissed the appeal. United States v. Ruff, No. 12-8016, 2013 WL 1305491, at *1 (4th Cir. Apr. 2, 2013).

On June 24, 2013, the Clerk of Court docketed the present matter, which is Petitioner's fourth Section 2255 motion [Doc. 1].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The present Section 2255 motion is attacking the same criminal judgment which Petitioner challenged on direct appeal and through his first three efforts under Section 2255. Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28

U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**  Signed: July 5, 2013

Martin Reidinger
United States District Judge