# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Civil Case No. 1:13-cv-00178-MR
## [Criminal Case No. 4:96-cr-00056-MR-1]

TIMOTHY LAMONT RUFF, )
)
    Petitioner, )
)
vs. ) **O R D E R**
)
UNITED STATES OF AMERICA, )
)
    Respondent. )
)

**THIS MATTER** is before the Court on Petitioner's "Addendum," filed October 9, 2014. [Doc. 7]. For the reasons that follow, Petitioner's filing is hereby construed as a successive petition pursuant to 28 U.S.C. § 2255 and will be dismissed.

Petitioner previously has filed four motions to vacate pursuant to 28 U.S.C. § 2255. Most recently, the Fourth Circuit Court of Appeals denied his motion for authorization to file a successive habeas petition. [Criminal Case No. 4:96-cr-00056-MR, Doc. 118].

Petitioner now returns to this Court with an "Addendum," in which he asserts claims for ineffective assistance of counsel in failing to object to the

search of his residence which led to the discovery of the firearms at issue. [Doc. 7].

The AEDPA provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

The present motion is attacking the same criminal judgment which Petitioner challenged on direct appeal and through his first four efforts under Section 2255. Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion regarding these claims; therefore, this Court is without jurisdiction to consider the merits of the present motion, and it will be dismissed. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has

not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Petitioner's "Addendum," which the Court construes as a Section 2255 Motion [Doc. 7], is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: October 13, 2014

Martin Reidinger
United States District Judge